Filed 5/14/14  P. v. Alphonsis CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B249896 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA384459) |
| v. | |
| LILY CASSANDRA ALPHONSIS, | |
| Defendant and Appellant. | |

THE COURT:*

Defendant Lily Cassandra Alphonsis appeals from the judgment entered following her plea of no contest to one count of insurance fraud in violation of Penal Code section 550, subdivision (a)(1)[1] and two counts of perjury in violation of section 118, subdivision (a).  Pursuant to the plea negotiation, the trial court suspended imposition of sentence and placed defendant on formal probation for a period of three years on terms

---

\*       BOREN, P. J., ASHMANN-GERST, J., FERNS, J.†

†       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1]      All further statutory references are to the Penal Code, unless otherwise indicated.

and conditions, including jail time equivalent to time served. On the People's motion, the trial court dismissed the remaining counts.

Defendant filed a notice of appeal indicating the appeal was based on the sentence or other matters occurring after the plea that did not affect the validity of the plea in accordance with California Rules of Court, rule 8.304(b). Defendant did not fill out the form requesting a certificate of probable cause.

We appointed counsel to represent defendant on this appeal. After examination of the record, counsel filed an "Opening Brief" containing an acknowledgment he had been unable to find any arguable issues. On January 9, 2014, we advised defendant she had 30 days within which to personally submit any contentions or issues she wished us to consider. No response has been received to date.

We obtain the facts of defendant's case from the preliminary hearing transcript. Alice Lewis, formerly Alice McAnally, testified that her car was rear-ended on April 2, 2007, while she was driving on Beverly Boulevard. Lewis and the other driver exchanged information. The other driver identified herself as Lily Alphonsis Majdoub, and she drove a gold Dodge Intrepid with a license number of 5NJX115. Her driver's license number was D1813732. Lewis saw some front-end damage on the middle of the front of the Intrepid. Defendant drove away from the scene.

Lewis reported the accident to her insurer, Allstate. The other driver had shown Lewis information regarding insurance issued by American International Insurance Company of California to a Joseph Banson. A woman later called Lewis and told her that her sister had hit Lewis's car.

Sam Brehm, an Allstate claims representative, testified that defendant called Allstate and claimed that Lewis pulled out of a supermarket parking lot, made a right turn, cut in front of her and stopped. Defendant said her vehicle was not drivable and was at Gama Auto Body. Gama's records showed that defendant brought the car into the shop. Gama's owner identified defendant in court. Allstate's photographs of defendant's car reflected "a moderate front end collision" with damage mainly to the hood and front

2

end. Defendant did not have insurance and refused to give a recorded statement. Allstate found defendant at fault and did not pay her claim for $3,039.45.

At one point, an Allstate representative called the telephone number it had been given for defendant. Defendant said her sister Cassandra had called her and told her she was driving defendant's car and had the accident. Cassandra had shown defendant's old driver's license that had once been misplaced and was kept in the car. No one from Allstate ever met Cassandra. Cassandra's address was a post office box used in one of defendant's driver's license applications.

An investigator for the DMV, Eduardo Castellon, testified regarding eight applications for identification cards or drivers' licenses submitted by defendant under penalty of perjury between September 1999 through January 2010. There were different names and dates of birth on the applications. All but two of these resulted in licenses being issued under three different driver's license numbers.

Patrick Cleary, an investigator for Geico insurance, testified that Lily Alphonsis Majdoub asked to purchase auto insurance from Geico on April 4, 2007 (two days after the accident with Lewis), for a Dodge Intrepid, license number 5NJX115. She stated she had not been in an accident in the last five years. She reported a loss on April 5, 2007, claiming her car was struck by a hit-and-run driver as she exited an off ramp. She requested payment for property damage, medical expenses, and car rental and said her car was at Gama Auto Body. Cleary learned of the April 2, 2007 accident involving Lewis and obtained Allstate's file. He saw the same damage in the Allstate photographs as a Geico investigator had photographed at Gama Auto Body. Under oath, defendant confirmed to Geico that the accident occurred on the freeway. She also confirmed that her sister was involved in an accident on April 2, 2007, and she asserted there were only scratches on the car as a result.

On March 22, 2011, defendant acknowledged to an investigator that she did not have a sister named Cassandra, and that her name is Cassandra. She showed the investigator a license with the name Lily Cassandra Alphonsis.

3

Defendant was charged with one count of insurance fraud and six counts of perjury. Prior to the taking of the no-contest plea, the prosecutor informed the court that defendant's maximum sentence would be 11 years.

Generally speaking, under section 1237.5, a defendant may not bring an appeal from a judgment of conviction entered after a guilty or no contest plea unless he or she has first obtained from the superior court a certificate of probable cause. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1095 (*Mendez*).) Despite this prohibition, two types of issues may still be raised on appeal after a guilty plea without first obtaining a certificate of probable cause: search and seizure issues and issues "regarding proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed." (*People v. Panizzon* (1996) 13 Cal.4th 68, 74-75 (*Panizzon*); see also Cal. Rules of Court, rule 8.304(b).)

"In determining whether section 1237.5 applies to a challenge of a sentence imposed after a plea of guilty or no contest, courts must look to the substance of the appeal: 'the crucial issue is what the defendant is challenging, not the time or manner in which the challenge is made.' [Citation.] Hence, the critical inquiry is whether a challenge to the sentence is *in substance* a challenge to the validity of the plea, thus rendering the appeal subject to the requirements of section 1237.5." (*Panizzon*, *supra*, 13 Cal.4th at p. 76.) The certificate requirements of section 1237.5 "should be applied in a strict manner." (*Mendez*, *supra*, 19 Cal.4th at p. 1098.)

Defendant's appeal purportedly was based on her sentence or matters occurring after her plea. She did not file a supplemental brief, and there is nothing before this court with respect to matters that occurred after her plea. Defendant negotiated a favorable plea bargain. In a case with a potential maximum sentence of 11 years, defendant served 128 days in jail and was placed on probation.

In *Panizzon*, the Supreme Court held that where a defendant is sentenced in accordance with the terms of a plea bargain that provides for a particular sentence, and then attempts to challenge that sentence on appeal, he must secure a certificate of probable cause. The court explained that since the defendant is "in fact challenging the

4

very sentence to which he agreed as part of the plea," the challenge "attacks an integral part of the plea [and] is, in substance, a challenge to the validity of the plea, which requires compliance with the probable cause certificate requirements of section 1237.5 and [former] rule 31(d)." (*Panizzon*, *supra*, 13 Cal.4th at p. 73.)

The record clearly shows that defendant understood and agreed to all aspects of the terms of her plea. To the extent she contests the validity of her sentence imposed as part of her plea agreement, she is, in substance, attacking the validity of her plea, and her notice of appeal is inoperable and must be dismissed. (§ 1237.5; see *People v. Shelton* (2006) 37 Cal.4th 759, 769-771; *Panizzon*, *supra*, 13 Cal.4th at p. 79.)

We have examined the entire record, including the transcript of the *Marsden* [2] hearing, and we are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The appeal is dismissed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.</u>

---

[2] *People v. Marsden* (1970) 2 Cal.3d 118.